UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>MARTIN GOTTESFELD | No. 16-mc-91064-ADB<br><br>UNDER SEAL |

## JOINT NOTICE REGARDING EXCLUDED TIME
## UNDER THE SPEEDY TRIAL ACT

The United States files this joint notice of the parties to correct a prior misclaculation of excluded time under the Speedy Trial Act. Specifically, the parties did not account for an additional 10 days of excluded time under 18 U.S.C. § 3161(h)(1)(F) while the Defendant was transported from the Souther District of Florida to the District of Massachsuetts. The parties are not requesting any action by the Court at this time, but provide the notice simply to correct the record regarding excluded time under the Speedy Trial Act. The parties have conferred regarding this matter and provide a corrected Speedy Trial clock clauclation below:

1.   On February 17, 2016, Martin Gottesfeld was arrested in Miami, Florida on the charge of conspiracy to damage computers (in violation of 18 U.S.C. § 371), set out in a criminal complaint, *United States v. Martin Gottesfeld*, No. 16-MJ-4117-MBB. Gottesfeld made his initial appearance in U.S. District Court of the Southern District of Florida on February 17.

2.   The Defendant waived a detention, removal, and probable cause hearing and was remanded to the custody of the U.S. Marshals for transportation to the District of Massachusetts. He made his initial appearance in the District of Massachusetts on April 6, 2016.

3. Under the Speedy Trial Act, "[a]ny information or indictment charging the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with the charges." 18 U.S.C. § 3161(b).

4. Under 18 U.S.C. § 3161(h)(1)(F), up to 10 days' delay "resulting from the transportation of any defendant from another district" is "excluded in computing the time within which an information or an indictment must be filed." Accordingly, the 10 days from February 18 through and including February 27, 2016, were excluded from the time by which an Information or Indictment had to be filed.

5. Therefore, any information or indictment would have initially needed to be filed by March 28, 2016. The parties previously calculated this date incorrectly as March 18, 2016.

6. The Court granted the parties' requests to exclude from the 30-day clock the period from March 18 through October 9, 2016. *Accordingly, the government presently has until October 20, 2016 to file an information or indictment in this matter.*

7.     Finally, the government previously stated that it did not intend to seek further exclusions from the 30-day clock to file an information or indictment.  Since that time, the Defendant has made statements to the press regarding his involvement in the charged conduct that could materially affect the Defendant's decision of whether to proceed by indictment and ultimately to trial.  Defense counsel is discussing the matter with the Defendant.  Because of these developments, the parties may jointly seek a further exclusion, but do not seek one at this time.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: /s/ Adam J. Bookbinder
Adam J. Bookbinder
David J. D'Addio
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of this sealed pleading was served by e-mail on Tor Ekeland, counsel for Martin Gottesfeld.

/s/ Adam J. Bookbinder
Adam J. Bookbinder
Assistant U.S. Attorney

Dated:  September 22, 2016